Scott P. Jang (State Bar No. 260191)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Scott.Jang@jacksonlewis.com

Sean M. Bothamley (State Bar No. 300100)
Jimmy Macias (State Bar No. 287027)
JACKSON LEWIS P.C.
160 W. Santa Clara St., Suite 400
San Jose, CA 95113
Tel: (408) 579-0404
Fax: (408) 454-0290
E-mail: Sean.Bothamley@jacksonlewis.com
         Jimmy.Macias@jacksonlewis.com

Attorneys for Defendants
COOLPORT MANAGEMENT LLC; DREISBACH
ENTERPRISES, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOHNSON, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COOLPORT MANAGEMENT LLC, a Delaware limited liability company; DRESISBACH ENTERPRISES, INC. a California stock corporation; and DOES 1 through 50, inclusive<br>. | Case No. 23-cv-6419<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1331, 1441]**<br><br>(Filed concurrently with Civil Case Cover Sheet, Declaration of Karen Carlson, and Declaration of Sean M. Bothamley)<br><br>State Action Filed: 10/31/2023 |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Coolport Management LLC and Dreisbach Enterprises, Inc. (collectively, "Defendants") remove the above-entitled action to this Court from the Superior Court of the State of California, County of Contra Costa pursuant to 28 U.S.C. § 1441. Defendants invoke this Court's original jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Timothy Johnson ("Plaintiff") and without conceding that Plaintiff has pled claims upon which relief can be granted.

This removal is based on the following grounds:

## I.   PROCEDURAL BACKGROUND

On October 31, 2023, Plaintiff filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California, County of Contra Costa, entitled *Timothy Johnson v. Coolport Management LLC, a Delaware limited liability company; Dreisbach Enterprises, Inc. a California stock corporation; and DOES 1-50.*, Case No. C23-02780. (Declaration of Sean M. Bothamley in Support of Defendants' Notice of Removal ("Bothamley Decl."), **Exhibit A**.)

On November 13, 2023, Plaintiff purportedly attempted substituted service of the Complaint, the Summons, and Civil Cover Sheet on Defendants, which constitute all the process, pleadings, and orders for which service upon Defendants was attempted in this action as of the date of the filing of this Notice of Removal. (Bothamley Decl., ¶¶3-5, **Exhibits B-C**.) On December 13, 2023, Defendants filed an Answer to the Complaint. (Bothamley Decl., ¶4, **Exhibit D**.)

## II.   PLAINTIFF'S ALLEGATIONS

The Complaint alleges that Plaintiff "brings this action on behalf of himself and all other similarly situated current and former Employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees, including warehouse workers and drivers and Employees in similar and related positions based out [sic] facilities operated in California by Defendants COOLPORT

MANAGEMENT LLC, a Delaware limited liability company, DREISBACH ENTERPRISES, INC., a California corporation; and DOES 1 through 50, inclusive (all defendants being collectively referred to as "Defendants") ." (Bothamley Decl., **Exhibit A** at ¶1.)

Plaintiff seeks to represent eleven additional subclasses of individuals consisting of the "Minimum Wage Subclass," "Wages and Overtime Subclass," "Meal Period Subclass," "Rest Period Subclass," "Wage Statement Subclass," "Unauthorized Deductions from Wages Subclass," "Failure to Timely Pay Wages Twice Monthly Subclass," "Termination Pay Subclass," "Expense Reimbursement Subclass," "Failure to Maintain Reasonable Temperature Subclass," and "UCL Subclass." (Bothamley Decl., **Exhibit A** at ¶¶ 46(a)-46 (k).)

Plaintiff alleges that Defendants are liable to Plaintiff and putative class members for the following:

a. Failure to pay Plaintiff and Class Members the applicable minimum wage pursuant to California Labor Code §§ 204, 1194, 1194.2, 1197, 1197.1, and ¶¶2(K), 2(S), 4(A) – 4(C) of applicable Wage Orders (*Id.* ¶¶ 59-70);

b. Failure to pay Plaintiff and Class Members for all wages and overtime pursuant to California Labor Code §§ 204, 510, 558, 1174, 1194, 1198, 1199 and ¶¶2(K), 2(S), 4(A) – 4(C) of applicable Wage Orders (*Id.* ¶¶ 71-80);

c. Failure to provide Plaintiff and Class Members with meal periods pursuant to California Labor Code §§ 226.7 and 512, and applicable Wage Orders (*Id.* ¶¶ 81-86);

d. Failure to provide Plaintiff and Class Members with rest periods pursuant to California Labor Code §§ 226.7 and 512, and applicable Wage Orders (*Id.* ¶¶ 87-93);

e. Failure to furnish Plaintiff and Class Members accurate and itemized wage statements pursuant to California Labor Code §§ 226 and 1194 and applicable Wage Orders (*Id.* ¶¶ 94-101);

f. Unlawful collection of wages of Plaintiff and Class Members pursuant to Labor Code § 221 (*Id.* ¶¶102-105);

1  g.  Failure to pay Plaintiff and Class Members for all wages pursuant to California Labor Code § 204 (*Id. ¶¶*106-112);

2  h.  Failure to pay wages due to Plaintiff and Class Members upon discharge or resignation pursuant to California Labor Code §§ 201, 202, and 203 (*Id.* ¶¶ 113-119);

3  i.  Failure to keep required payroll records pursuant to California Labor Code §§ 1174 and 1174.5 (*Id*. ¶¶ 120-126);

4  j.  Failure to Produce Requested Records pursuant to California Labor Code §§ 226 and 1198 *(Id.* 127-133);

5  k.  Failure to reimburse Plaintiff and Class Members business expenses pursuant to California Labor Code § 2802 (*Id.* ¶¶ 134-138); and

6  l.  Unfair and unlawful business practices pursuant to California Business and Professions Code § 17200, *et seq*.  (*Id.* ¶¶ 139-149.)

### III.  REMOVAL IS TIMELY

Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant receives or is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

Plaintiff purportedly attempted substituted service of the Complaint, the Summons, and Civil Cover Sheet on Defendants on November 13, 2023. (Bothamley Decl. ¶3.) Defendant is filing this Notice of Removal with this Court on or before December 13, 2023; thus, removal is timely. (Bothamley Decl. ¶6.) No previous Notice of Removal has been filed or made with this Court for the relief sought herein. (Bothamley Decl. ¶7.)

### IV.  NOTICE

Defendant will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of Contra Costa, as required by 28 U.S.C. § 1446(d).

//

//

## V. SUBJECT MATTER JURISDICTION

### A. This Court Has Original Subject Matter Jurisdiction Because This Matter Presents a Federal Question Under the LMRA

Federal district courts have original jurisdiction over lawsuits involving federal law. 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions under the . . . laws . . . of the United States."). When a case filed in state court falls within the original jurisdiction of a federal district court, a defendant may remove the matter to federal court. 28 U.S.C. § 1441(a).

"Plaintiffs cannot avoid removal by 'artfully pleading' only state law claims that are actually preempted by federal statutes such as section 301 of the Labor Management Relations Act." *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1992) (citation omitted). "Thus, if a state law claim is completely preempted by a federal statute such as section 301, the state law cause of action necessarily becomes a federal one and can be removed." *Id.* Here, the Complaint alleges various violations of the California Labor Code and "applicable Wage Orders," but it neglects to mention that Plaintiff and putative class members are bound by a valid collective bargaining agreement ("CBA") that governs the wages, hours of work, and working conditions of the employees. The Court is required to look beyond the Complaint to the CBA documents, which make clear that Plaintiff's claims are preempted by Section 301 the Labor Management Relations Act ("LMRA"). *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement artfully pleaded to avoid federal jurisdiction.") (internal quotation marks omitted).

Federal question jurisdiction under LMRA Section 301 arises whenever (1) the plaintiff asserts a claim based upon a right conferred upon employees by a CBA, or (2) the resolution of a plaintiff's state-law claims is substantially dependent on the interpretation of a CBA. *Firestone v. So. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). Here, both grounds apply.

Throughout the Class Period, Plaintiff (who was employed as a commercial truck driver[1])

---

[1] (Bothamley Decl., Exhibit A ¶¶2, 11, and 22; Carlson Decl., ¶8(a)).

5

DEFENDANTS' NOTICE OF REMOVAL

and numerous other Coolport Management LLC hourly, non-exempt employees who as worked full-time General Associates, Forklift Associates, Yard Associates, and Driver Associates were and are union members whose employment was, and is, governed by collective bargaining agreements between Coolport Management LLC and Laborers Local Union 67 and Northern California District Council of Laborers ("CBAs"). (Carlson Decl., ¶¶4-5 and **Exhibits A & B**.) At all relevant times, the union that collectively bargained the CBA on behalf of Plaintiff and these putative class members was a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5). (*Id*.)

The CBAs expressly provide for (1) the wages, hours of work, and working conditions of employees; (2) meal and rest periods; (3) premium wage rates for all overtime hours worked; (4) regular hourly rates of pay of not less than 30 percent more than the state minimum wage rate, including for Plaintiff; and (5) a comprehensive grievance procedure that mandates union employees submit any and all wage and hour disputes to final and binding individual arbitration, including for Plaintiff. (Carlson Decl., ¶¶4-5 and **Exhibits A & B** at Sections 10.00, 11.00, 16.00, and Schedules A.)

In the Second Cause of Action, Plaintiff alleges that Defendants failed to pay Plaintiff and putative class members for all overtime pursuant to California Labor Code § 510. (Bothamley Decl., Exhibit A at ¶¶ 71-80.) Pursuant to California Labor Code § 514, Section 510 "do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides [1] for the wages, hours of work, and working conditions of the employees, and [2] if the agreement provides premium wage rates for all overtime hours worked and [3] a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." *See* Cal. Lab. Code § 514. As set forth above, the requirements for LMRA Section 301 preemption pursuant to California Labor Code § 514 apply to Plaintiff and hundreds of other employees within the putative class. (Carlson Decl., ¶¶4-8).

In the Third Cause of Action, Plaintiff alleges that Defendants failed to provide Plaintiff and putative class members with compliant meal periods pursuant to California Labor Code § 512(a). (Bothamley Decl., Exhibit A at ¶¶ 71-80.) Pursuant to California Labor Code § 512(e),

Section 512(a) "do[es] not apply to an employee [employed as a commercial driver] if both of the following conditions are satisfied: (1) The employee is covered by a valid collective bargaining agreement. (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." *See* Cal. Lab. Code § 512(e). As set forth above, the requirements for LMRA Section 301 preemption pursuant to California Labor Code § 512(e) apply to Plaintiff and other commercial drivers within the putative class. (Carlson Decl., ¶¶4-8).

Similarly, Plaintiff's other causes of action that are derivative of preempted causes of action are themselves also preempted. *See Williams v. Securitas Sec. Servs. U.S.*, 23-cv-01863-LB, at *14 (N.D. Cal. Aug. 16, 2023) ("The derivative claims for failure to provide accurate statements and a violation of the UCL (claims five and six) are preempted because they depend on the preempted claims.").

Lastly, resolution of each of Plaintiff's state-law claims is substantially dependent on the interpretation of the CBAs' grievance and mandatory individual arbitration provisions[2], as well as its other terms, including what constitutes compensable time worked.[3] *Renteria-Hinjosa v. Sunsweet Growers, Inc.*, 2:23-cv-01413-DJC-DB, at *9-10 (E.D. Cal. Oct. 3, 2023) ("In order for a grievance procedure to preempt claims under the LMRA, the agreement must 'clearly and unmistakably' waive Plaintiff's rights in order to displace those rights… [W]here the arbitration provision is clear and unmistakable, arbitration becomes the sole method by which a plaintiff may pursue her legal remedies, and the plaintiff's rights to a remedy necessarily arise out of the collective bargaining agreement."); *see also Gay v. Pac. Steel Grp.*, No. 20-cv-08442-HSG, at *1 (N.D. Cal. June 15, 2021) ("[T]o adjudicate Plaintiffs' argument, the Court will necessarily have to interpret the scope and validity of the CBA's grievance procedure provisions. The necessity of such an

---

[2] Carlson Decl., ¶5 and **Exhibits A & B** at Sections 16.00.
[3] Carlson Decl., ¶5 and **Exhibits A & B** at Sections 1007.

7

DEFENDANTS' NOTICE OF REMOVAL

analysis satisfies the preemption test's standard of 'an active dispute over "the meaning of contract terms."'").

Here, the CBAs' grievance procedures clearly and unmistakably provides for final and binding individual arbitration of all of Plaintiff's wage and hour claims at issue in this litigation:

> 16.00
> GRIEVANCE PROCEDURE
> SECTION 16.01. Any grievance, complaint or dispute of an Employee, the Employer or the Union against the other or against Dreisbach Enterprises, Inc. with respect to the discipline or termination of an Employee (except as provided in Section 07.03) or the interpretation or application of this Agreement or any wage and hour claim arising during his/her current or prior employment with the Employer or Dreisbach Enterprises, Inc. under state, local or federal law (subject to applicable state, local or federal statutes of limitation), including, without limitation, claims under the California Labor Code, the California Business and Professions Code, and any other applicable federal, state, or local wage and hour law, shall be handled on an individual basis (and not on a representative or class basis in this or any other forum) exclusively as hereafter set forth.[4]

Ultimately, by operation of the applicable CBAs, including in conjunction with California Labor Code §§ 512 and 514, Plaintiff's claims arises solely out of, and are limited by, the CBAs, such that resolving the merits of Plaintiff's entire litigation is substantially dependent upon, and requires analysis, interpretation, and application of the CBAs, putting this litigation squarely within the crosshairs of LMRA Section 301 preemption. *See Allis-Chambers Corp., supra*, 471 U.S. at 220 (stating that state law claim that is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" is completely preempted by Section 301 of the LMRA); *Chatman v. Wedriveu, Inc.*, 3:22-cv-04849-WHO, at *10 (N.D. Cal. Oct. 28, 2022) ("'[A] civil complaint *raising claims preempted by § 301* raises a federal question *that can be removed to a federal court*.'") (citing *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019)).

## VI.   SUPPLEMENTAL JURISDICTION

To the extent any of Plaintiff's claims are not directly removable under 28 U.S.C. § 1331

---

[4] Carlson Decl., ¶5 and **Exhibits A & B** at Sections 16.01.

8

DEFENDANTS' NOTICE OF REMOVAL

in light of LMRA preemption, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they are part of the same common nucleus of operative facts over which this Court has original jurisdiction.

### VII.  VENUE

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  As stated above, Plaintiff brought this action in California Superior Court, County of Contra Costa.  Thus, venue properly lies in the United States District Court for the Northern District of California.  28 U.S.C. §§ 84(a), 1441(a).

### VIII.  CONCLUSION

Based on the foregoing, Defendants request this action be removed to this Court.  If any question arises as to the propriety of removal of this action, Defendants respectfully request the opportunity to present a brief, evidence, and oral argument in support of its argument that removal is proper.

Dated: December 13, 2023

JACKSON LEWIS P.C.

_____
Scott P. Jang
Sean M. Bothamley
Jimmy Macias
Attorneys for Defendants
COOLPOINT MANAGEMENT LLC;
DREISBACH ENTERPRISES, INC.

4856-5043-7013, v. 3