D.LAW, INC.
Emil Davtyan (SBN 299363)
Emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
Alvin B. Lindsay (SBN 220236)
a.lindsay@d.law
Melissa Rodriguez (SBN 352716)
m.rodriguez@d.law
880 E Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Fax: (818) 962-6469

Attorneys for Plaintiff TIMOTHY JOHNSON, on behalf of himself and others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY JOHNSON, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COOLPORT MANAGEMENT, LLC, a Delaware limited liability company; DREISBACH ENTERPRISES, INC., a California stock corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 23-CV-06419 -AGT<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Magistrate Judge Alex G. Tse<br>Courtroom: A<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>Date:   March 15, 2024<br>Time:  10:00 a.m.<br>Dept.:  Courtroom A<br><br>Class Complaint filed: October 31, 2023<br>Notice of Removal: December 13, 2023<br>PAGA Complaint filed: January 4, 2024<br>Trial Date: None Set |

**TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 15, 2024 at 10:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom A, located at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff TIMOTHY JOHNSON ("Plaintiff") will move the Court for an order remanding this action back to the Superior Court of Contra Costa County on the grounds that this Court lacks subject matter jurisdiction over this action. There are no federal questions at issue and no cause for applying preemption under section 301 of the Labor Management Relations Act.

Plaintiff's Motion to Remand is based on this Notice of Motion and Motion, the Memorandum of Points and Authority concurrently filed in support of this Motion and accompanying [Proposed] Order, upon the Notice of Removal (ECF #1) filed by Defendants COOLPORT MANAGEMENT, LLC and DREISBACH ENTERPRISES, INC., and such other and further evidence and argument, both written and oral, as may be presented to the Court.

Dated: February 7, 2024                                      D.LAW, INC.

By  /s/ Alvin B. Lindsay
————————————————————
David H. Yeremian
Alvin B. Lindsay
Attorneys for Plaintiff TIMOTHY
JOHNSON and the Putative Class

.

# **TABLE OF CONTENTS**

1.  INTRODUCTION ........................................................................................................... 1
2.  PROCEDURAL HISTORY ............................................................................................ 1
3.  ARGUMENT .................................................................................................................. 2
    A.  Remand Based on Lack of Subject Matter Jurisdiction Is Proper at Any Time...... 2
    B.  The Ninth Circuit Applies A Strong Presumption Against Removal....................... 2
    C.  The Court Lacks Subject Matter Jurisdiction without Complete Preemption......... 2
    D.  Plaintiff's Claims Arise Solely by Virtue of State Law and Are Not Preempted .... 4
        1.  The Unpaid Wages Claims Are Based on Independent State Law Rights........... 5
        2.  The Meal Period Claims Are Based on Independent State Law Rights .............. 7
        3.  Plaintiff's Derivative Claims Derive from an Independent State Law Right...... 8
        4.  CBA Grievance and Arbitration Procedures Do Not Support Preemption. ........ 9
        5.  Defining Compensable Time Does Not Depend on Interpretating the CBA .... 12
4.  CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

**Statutes**

28 U.S.C. § 1447 .................................................................................................................. 2, 13

29 U.S.C. § 185 (Labor Management Relations Act, § 301) ....................................... passim

8 CCR § 11160 ............................................................................................................................ 6

California Business & Professions Code § 17200 ................................................................... 1

Cal. Lab. Code § 1194 ............................................................................................................... 8

Cal. Lab. Code § 200 .................................................................................................................. 8

Cal. Lab. Code § 201 .................................................................................................................. 9

Cal. Lab. Code § 203 ............................................................................................................... 1, 9

Cal. Lab. Code § 204 ............................................................................................................... 1, 8

Cal. Lab. Code § 218 .................................................................................................................. 9

Cal. Lab. Code § 226 ............................................................................................................... 1, 9

Cal. Lab. Code § 226.7 ............................................................................................................ 1, 7

Cal. Lab. Code § 510 ...................................................................................................... 1, 5, 6, 8

Cal. Lab. Code § 512 ............................................................................................................... 7, 8

Cal. Lab. Code § 514 ............................................................................................................... 5, 6

Cal. Lab. Code § 1174 ................................................................................................................. 1

Cal. Lab. Code § 1174.5 .............................................................................................................. 1

Cal. Lab. Code § 1198 ................................................................................................................. 1

Cal. Lab. Code § 2699 *et seq* (PAGA). ............................................................................ passim

Cal. Lab. Code § 2802 ................................................................................................................. 1

**United States Supreme Court**

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985) ........................................................... 4, 6

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). ..................................................... 3, 7, 11

*International Primate Protection League v. Administrators of Tulane,* 500 U.S. 72 (1991) .............. 2

*Lingle v. Norge Div., Magic Chef, Inc*., 486 U.S. 399 (1988) ............................................... 6, 8

*Livadas v. Bradshaw*, 512 U.S. 107 (1994) ........................................................................ 4, 9, 12

**Ninth Circuit and District Courts**

*Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006). ........................................................ 2

*Alaska Airlines Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018). ........................................................ 12

*Associated Builders v. Loc. 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353 (9th Cir. 1997). ............. 3

*Balcorta v. 20th Century Fox Film Corp.*, 69 F.Supp.2d 1195 (C.D. Cal 1998). ............................... 9

*Bonilla v. Starwood Hotels & Resorts*, 407 F.Supp.2d 1107 (C.D. Cal 2005). ................................. 9

*Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007). ....................................... 3, 4, 9, 12

*Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019). ............................................................ 5

*Dall v. Albertson's, Inc.*, 234 F. App'x 446 (9th Cir. 2007). ............................................................ 11

*Detabali v. St. Luke's Hosp.*, 482 F.3d 1199 (9th Cir. 2007). ............................................................ 4

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992). ............................................................................ 2

*Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003). ................................................................. 6, 9

*Gunther v. N. Coast Coop.,* 20-CV-02325-RMI, 2020 WL 3394547 (N.D. Cal. June 19, 2020). ..... 13

*Huffman v. Pac. Gateway Concessions LLC*, 19-cv-01791-PJH (N.D. Cal. Jun. 21, 2019) ............. 12

*Jimeno v. Mobil Oil Corp.,* 66 F.3d 1514 (9th Cir. 1995) ................................................................. 8

*McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, (9th Cir. 2018). .......................................... 12

*Rodriguez v. Pac. Steel Casting Co.*, 2012 U.S. Dist. LEXIS 76757 (N.D. Cal. 2012) ...................... 3

*Valles v. Ivy Hill Corp.,* 410 F.3d 1071 (9th Cir. 2005). .................................................................... 7

*Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932 (C.D. Cal. 2014) ........... 10, 11

*Wawock v. CSI Elec. Contractors, Inc.*, 649 Fed. Appx. 556 (9th Cir. 2016). ................................. 10

<h1 style="text-align:center">MEMORANDUM OF POINTS AND AUTHORITIES</h1>

## 1. INTRODUCTION

Defendant COOLPORT MANAGEMENT, LLC and DREISBACH ENTERPRISES, INC. ("Defendants") have improvidently removed this class action under Section 301 of the Labor Management Relations Act ("LMRA"). It should be promptly remanded as there are no federal questions at issue and the Court accordingly lacks subject matter jurisdiction. Defendants' sole jurisdictional theory for removal is that Plaintiff TIMOTHY JOHNSON ("Plaintiff") and the putative class members, as members of a union alleged to be a party to a collective bargaining agreement ("CBA") with Defendants, along with the Court, must allegedly interpret the CBA to ascertain the merits of Plaintiff's state law claims. To support removal under Section 301 of the LMRA, Defendants must establish: (1) that violations alleged against Defendants in the complaint involve rights that exists solely as a result of the CBA; and (2) that all the class claims can be resolved only by first interpreting the CBA. Defendants manifestly fail on both accounts. They curiously avoid well-establish and binding precedent instructing that, in instances such as this action where the claims are based upon unwaivable statutory rights, no interpretation of the CBA is required. In other words, as the CBA does not require interpretation, there are no federal questions under the LMRA to trigger preemption. It is firmly settled that California courts have original and sole jurisdiction over the claims alleged in this action. It must be remanded back to them.

## 2. PROCEDURAL HISTORY

On October 31, 2024, Plaintiff filed his Class Action Complaint in Contra Costa County Superior Court alleging class claims against Defendants for (1) Failure to Pay Minimum Wages, (2) Failure to Pay Wages and Overtime under Labor Code § 510, (3) Meal period liability under Labor Code § 226.7, (4) Rest Period Liability under Labor Code § 226.7, (5) Violation of Labor Code § 226, (6) Violation of Labor Code § 221, (7) Violation of Labor Code § 204, (8) Violation of Labor Code § 203, (9) Failure to Maintain Records Required under Labor Code §§ 1174 and 1174.5, (10) Failure to Produce Records Under Labor Code §§ 226 and 1198, (11) Failure to Reimburse Necessary Business Expenses under Labor Code § 2802; and (12) Violation of Business & Professions Code § 17200. Defendants removed the action on December 13, 2023, relying solely on

§ 301 of the LMRA, 29 U.S.C. § 185 ("§ 301") to support alleged subject matter jurisdiction. On January 4, 2024, Plaintiff filed a separate PAGA-only action in Contra Costa County alleging Labor Code violations giving rise to claims for civil penalties against Defendants pursuant to Labor Code § 2699 *et seq*. (Case No. C24-00030). It is well-established that such PAGA claims are brought by a plaintiff on behalf of and as a representative of the State of California and other aggrieved employees. They are quintessential examples of state law claims that should not be adjudicated in federal court. A similar conclusion must follow as to all the class claims at issue in this action.

3. **ARGUMENT**

**A. Remand Based on Lack of Subject Matter Jurisdiction Is Proper at Any Time.**

Remand may be ordered either for lack of subject matter jurisdiction or for defects in the removal procedure. 28 U.S.C. § 1447(c). A motion to remand prevails where there is no diversity of citizenship or the claim does not in fact "arise under" federal law. The question of whether claims arise under federal law goes to the court's subject matter jurisdiction and can be raised at any time. *See, e.g.*, *International Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72, 87 (1991). Here, the Court lacks subject matter jurisdiction as there are no federal questions and Defendants are not relying upon diversity or any other jurisdictional bases. Therefore, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

**B. The Ninth Circuit Applies A Strong Presumption Against Removal.**

There is a "strong presumption against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statutes are therefore strictly construed against removal jurisdiction, and doubts as to removability are resolved in favor of remanding the case back to state court. *Id*. This heavy burden rests with the defendant and is a "longstanding, near-canonical rule[.]" *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684-685 (9th Cir. 2006).

**C. The Court Lacks Subject Matter Jurisdiction without Complete Preemption**

Federal question jurisdiction has long been governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face

of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, "the party who brings the suit is master to decide what law he will rely upon." *Id.*, fn. 7. A recognized exception to the well-pleaded complaint rule may arise under the doctrine of complete preemption. Contrary to Defendant's arguments, that exception is inapplicable here.

Under the complete preemption doctrine, federal question jurisdiction is raised where "the preemptive force of a statute is so extraordinary that it converts an ordinary state law complaint into a federal claim." *Caterpillar, supra,* 482 U.S. at 393. Federal jurisdiction may arise for complete preemption purposes under § 301 lies in actions, for example, for breach of a labor contract. It can arise "even in some instances in which the plaintiffs have not alleged a breach of contract in their complaint..." *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Despite this, "not every claim which requires a court to refer to the language of a labor-management agreement is necessarily preempted." *Associated Builders & Contractors, Inc. v. Loc. 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1357 (9th Cir. 1997). Simply relying on the CBA as an aspect of a defense is not enough "to inject [ ] a federal question into an action that asserts what is plainly a state-law claim." *Burnside, supra*, 491 F.3d at 1060; *see also Caterpillar*, 482 U.S. at 398-399 ("the plaintiff is the master of the complaint," and if the defendant could select the forum in which the claims will be litigated simply by raising the § 301 complete preemption defense, "the plaintiff would be the master of nothing.").

Given their limitations, determining whether federal jurisdiction lies under the complete preemption doctrine and § 301 of the LMRA requires the application of a two-part inquiry. The first requires a determination of whether the rights claimed in the complaint involve a right that exists solely as a result of the CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007 ). In making such a determination, courts are to consider whether the claim "purely indicates a right or duty created by the CBA itself[.]" *Id.* at 1059. If "the right exists independently of the CBA, [the court] must still consider whether it is nevertheless 'substantially dependent on the analysis of a collective-bargaining agreement.'" *Burnside,* 491 F.3d at 1059-1060, quoting *Caterpillar*, 482 U.S. at 398-399; *see also Rodriguez v. Pac. Steel Casting Co.*, (N.D. Cal. 2012) 2012 U.S. Dist. LEXIS 76757. This substantial dependence is required before preemption can apply. Without it, the

3

ongoing state law claims should not be further delayed by Defendant's federal foray and must be returned to proceed in California Superior Court under California law with due haste. *Id*.

Under the second inquiry, the court is to determine whether the claims can be resolved by "looking to versus interpreting the CBA." *Burnside,* 491 F.3d at 1060, quoting *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994). Merely looking to or consulting a CBA will not render the claim preempted, thus requiring the matter be back to state court for lack of federal subject matter jurisdiction. *See Lividas supra*, 512 U.S. at 124 ("when the meaning of contract terms is not the subject of dispute, the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."). No CBA term meanings are disputed here.

Only if and when the claims involved require interpretation of the CBA's terms will they be subject to § 301 preemption. *Burnside,* 491 F.3d at 1060. Plaintiff's claim "is the touchstone for this analysis[, and] the need to interpret the collective bargaining agreement must inhere in the nature of plaintiffs' claim." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1202 (9th Cir. 2007). To invoke § 301 under this second test, the claim must be so "inextricably intertwined with consideration of the terms of the labor contract" that the court would be required to interpret the CBA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

The wage and hour class and PAGA claims under the California Labor Code at issue already existed independently from the CBA before Defendant removed them, and have never been based in any way upon rights conferred to employees by the CBA. The Class and PAGA claims also existed under California law long before the CBA's inception, and can hardly be deemed inextricably intertwined with the CBA. This honorable Court and the Superior Court from which Defendants removed this action must neither refer to the CBA nor interpret its terms to rule upon them.

### D. Plaintiff's Claims Arise Solely by Virtue of State Law and Are Not Preempted

Plaintiff's individual, class and PAGA claims at issue have nothing to do with the CBA. Plaintiff is not claiming a breach of the CBA, and he has made no effort to plead around the CBA. Plaintiff's claims involve state law wage and hour rights that are independent of the CBA, and his claims are not substantially dependent on the interpretation of the CBA. California precedent and Ninth Circuit authority conclusively establish that claims alleging violations of California's wage

and hour statutes and regulations and Wage Orders do not generally require interpretation of the CBA and are therefore not preempted under § 301.

1. The Unpaid Wages Claims Are Based on Independent State Law Rights

In their Notice of Removal, Defendants argue California Labor Code § 510 does not apply to an employee who is covered by a valid CBA if all the requirements outlined in California Labor Code § 514 are satisfied. (Defendants' Notice of Removal, page 6). In other words, Defendants mistakenly contend the Court has subject matter jurisdiction over this case based on the mere existence of a CBA. While the Ninth Circuit has acknowledged that a CBA complying with the requirements of Labor Code § 514 may provide grounds for preemption, it can only be justified if the claims are for rights conferred by the CBA, not state law. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1154-1155 (9th Cir. 2019) (emphasis added). The *Curtis* plaintiff asserted that the applicable CBA's definition of overtime was not equivalent to the definition of overtime pursuant to Labor Code § 510. *Id*. The defendants argued the claims for unpaid overtime and unlawful overtime pay rates were controlled by the CBA as the alleged violations arose directly from the CBA. The Ninth Circuit court agreed with the defendant, finding preemption because the plaintiff specifically claimed that he was deprived of rights expressly laid out in the CBA and not his rights under Labor Code § 510. *Id*. There are no such allegations in the claims at issue as pled, and Defendants neglect to acknowledge this key distinction in their Notice of Removal.

More specifically, Plaintiff's class and PAGA action Complaints do not allege that the terms of the CBA violate state law. Plaintiff instead simply alleges that Defendants violated rights afforded to him and all California employees under the California Labor Code. For example, the unpaid overtime claim will rise or fall based on whether Plaintiff and the potential class members were paid overtime for all hours worked over eight in one shift and over forty in one work week in accordance with California law, not the terms of the CBA or its interpretation. While working hours and overtime and how to calculate wages due to employees may be addressed in the terms of the CBA, the class and PAGA claims give rise to no questions concerning the method of calculation and do not require interpretation of the CBA to be adjudicated. How the CBA sets wage payments and hourly rates and overtime and such is irrelevant to whether Defendants have failed to pay

1  Plaintiff and the Class members at the required premium wage rates for "[a]ny work in excess of
2  eight hours in one workday and any work in excess of 40 hours in any one work week," as required
3  under California state law. Labor Code § 510 and 8 CCR § 11160.
4        Plaintiff, as the master of his Complaint, may plead only state law claims, thereby avoiding
5  federal jurisdiction. *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052 (9th Cir. 2003). An exception to
6  this general rule lies where federal law completely preempts Plaintiff's state law claims, rendering
7  those claims subject to federal jurisdiction. *Id.* The Supreme Court has applied section 301
8  preemption to "cases whose resolution 'is substantially dependent upon analysis of the terms of [a
9  collective bargaining agreement].'"*Id.* (citing *Allis-Chalmers Corp*, *supra,* 471 U.S. at 220).
10 However, section 301 does not preempt state law substantive rights that apply without regard to a
11 CBA and that can be resolved without interpreting a CBA, as they can be here. *Id.* (citing *Lingle v.*
12 *Norge Div., Magic Chef, Inc*., 486 U.S. 399, 413 (1988)). The fact that the CBA may be consulted
13 or otherwise merely referred to in the course of litigating state law claims does not render them
14 preempted and cannot imbue them with federal subject matter jurisdiction. *Id.*
15       While overtime is a topic covered in the CBA (*See* Declaration of Karen Carlson ("Carlson
16 Decl."), Ex. A), Plaintiff does not dispute the manner in which overtime is assigned or any other
17 terms within the CBA. Rather, Plaintiff alleges that Defendants violated California Labor Code §
18 510(a) and 8 California Code of Regulations § 11160 by failing to compensate Plaintiff and Class
19 members at premium wage rates for all their overtime hours worked. Plaintiff's state law claims are
20 not preempted by federal law, as no CBA interpretation is required.
21       Additionally, even if the Labor Code § 514 exemption applies to this case, the exemption
22 does not give rise to preemption. It would only establish that Plaintiff may possibly be foreclosed
23 from maintaining a claim under Labor Code § 510. If that is the case, then again no analysis of the
24 CBA will be required given that Plaintiff cannot invoke a failed claim.
25       Finally, as Defendants' reliance on Labor Code § 514 is essentially a defense to Plaintiff's
26 overtime claim, it does not give rise to § 301 preemption. (Defendants' Notice of Removal, page 6).
27 *See, Humble,* 305 F.3d at 1011. As the Supreme Court noted in *Caterpiller Inc. v. Williams*: "When
28 a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to

6
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND

1  plead what we have held must be regarded as a federal claim, and removal is at the defendant's
2  option. But a defendant cannot, merely by injecting a federal question into an action that asserts
3  what is plainly a state-law claim, transform the action into one arising under federal law, thereby
4  selecting the forum in which the claim shall be litigated." *Caterpillar Inc. v. Williams*, 482 U.S.
5  386, 399 (1987). That is precisely what Defendants have intend to do by arguing the requirements
6  for LMRA preemption are satisfied. Thus, even if Defendants attempt to argue that Plaintiff's
7  section 510 claims must be dismissed, this cannot serve as a basis for removal.

### 2. The Meal Period Claims Are Based on Independent State Law Rights

Defendants further assert the requirements for LMRA preemption pursuant to California Labor Code § 512(e) apply to Plaintiff's meal period claims on behalf of himself and the putative Class Members. As addressed above, Defendants' unfounded contention that the mere existence of a CBA bestows the Court with subject matter jurisdiction is fatally flawed. Regardless of what the terms of a CBA may be, California law gives workers a non-negotiable right to be paid for one hour at their regular rate for meal period and rest break violations. *See* Cal. Lab. Code § 226.7. It is this right, and not any rights under the CBA, which Plaintiff asks the Court to enforce on behalf of himself and his similarly situated co-workers. No interpretation of the CBA is necessary here.

In fact, Courts have held that state law claims alleging meal period violations are not preempted even in cases where the CBA includes language implying they may be. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1082 (9th Cir.2005) ("We need not, indeed may not, construe the Ivy Hill [CBA] in order to consider whether a waiver exists because any provision of the [CBA] purporting to waive the right to meal periods would be of no force or effect: The right in question is plainly nonnegotiable"). Similarly, the determinative issue at hand is whether Defendants' labor policies and practices comply with the requirements of the California Labor Code, not the CBA. Plaintiff and the class members have a nonnegotiable and independent state right to be paid for meal period and rest break violations under California law. This calls for an inquiry into whether Plaintiff and the Class members were in fact paid in accordance with that state right. It has nothing to do with the CBA and everything to do with redressing Defendants' systematic violations of California law in California state court.

Again, Defendants have manifestly failed to establish that any of the CBA terms are actively disputed. While Defendants might later argue the Labor Code § 512(e) exemption requirements are satisfied and in turn prohibit Plaintiff from asserting meal period violations under section 512(a), this argument must fail. (Defendants' Notice of Removal, pages 6-7). Satisfying the requirements of Labor Code § 512(e) does not transform a Labor Code § 510 claim from arising under California state law into one arising out of a CBA. Accordingly, the LMRA "does not… preempt the application of a state law remedy when the factual inquiry [under the state law] does not turn on the meaning of any provision of a collective-bargaining agreement." *Jimeno v. Mobil Oil Corp.,* 66 F.3d 1514, 1522-1523 (9th Cir. 1995) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407 (1988)).

       3. <u>Plaintiff's Derivative Claims Derive from an Independent State Law Right.</u>

Defendants also assert Plaintiff's other causes of action "that are derivative of preempted causes of action are themselves preempted." (Defendants' Notice of Removal, page 7). As addressed above, the fact that no CBA interpretation is required disposes of the question at step one of the *Burnside* inquiry. As such, Plaintiff's "derivative" causes of action cannot be preempted where there are no preempted causes of action to derive from. Additionally, the rights asserted in the remaining causes of actions themselves again arise from independent California state law rights.

For example, California law affords workers a non-negotiable right to be paid all their wages owed for all their hours worked. *See, e.g.*, Labor Code §§ 200, 204, 510. Additionally, California Labor Code § 1194 provides employees with a private right of action when they have not been paid wages for all of their compensable time. Plaintiff seeks to enforce these rights which derive from state law and not under the CBA, and no interpretation of the CBA is necessary to resolve them.

Moreover, Plaintiff and the Class members have independent rights to be paid for all hours worked, including minimum wages and overtime premium wages under California law. The salient question then is whether they were (and are) paid in accordance with those rights under the California Labor Code and relevant IWC Wage Orders. One does not need to interpret the CBA to adjudicate Plaintiff's class and PAGA claims, as the LMRA does not and cannot preempt these nonnegotiable state statutory rights.

Additionally, there is no need to interpret the CBA to determine that Defendants violated Labor Code § 226 by issuing inaccurate and incomplete wage statements to Plaintiff and the Class members. Section 226 requires employers to provide employees with accurate wage statements showing, *inter alia*, hours worked and the wages paid to employees. Labor Code § 226. A simple review of timekeeping and payroll records for Plaintiff and the Class members, along with their corresponding wage statements, will reveal facial violations of section 226. As it is unnecessary to examine the CBA to determine if Defendants issued inaccurate wage statements to Plaintiff and the Class members, the wage statement claims cannot be preempted by the LMRA.

Finally, Plaintiff's claim for violation of California Labor Code § 203 makes statutory penalties available to any employee who does not receive all wages owed at the time of their termination or resignation. Labor Code § 203. Labor Code § 201 requires that employees must receive payment of all wages owed to them immediately upon termination. Labor Code § 203 sets forth the penalty for failing to comply with Labor Code § 201. Labor Code § 218 permits an employee to file a civil action to seek wages and penalties owing under the California Labor Code, which in this case is a statutory penalty authorized under Labor Code § 203. Courts have consistently held that wage and hour claims under the California Labor Code, including under section 203, are not preempted by the LMRA and do not raise federal questions subject to removal. Therefore, such claims cannot support federal subject matter jurisdiction and must be remanded. *See Livada, supra*, 512 U.S. 107; *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F.Supp.2d 1107 (C.D. California 2005); *Balcorta v. 20th Century Fox Film Corp.*, 69 F.Supp.2d 1195 (C.D. California 1998); *Gregory, supra*, 317 F.3d 1050 (9th Cir. 2003); *Burnside, supra,* 491 F.3d 1053.

    4. <u>CBA Grievance and Arbitration Procedures Do Not Support Preemption.</u>

Defendants prominently argue removal is required because "Plaintiff's state law claims are substantially dependent on the interpretation of the CBA's grievance and mandatory individual arbitration provisions." Given that Defendants point to no specific reference in the CBA to the state statutes at issue or how to interpret them, there is no need whatsoever to interpret the CBA and the state law claims are in no way substantially dependent on any such interpretation. "When a CBA's grievance and arbitration procedure does not directly reference the statutes at issue, courts have

concluded that the agreement does not contain a "clear and unmistakable waiver" of an employee's right to a judicial forum." *See, e.g., Wright,* 525 U.S. at 80–81, 119 S.Ct. 391 (concluding that a CBA purporting to "cover all matters affecting wages, hours, and other terms and conditions of employment" did not contain a clear and unmistakable waiver of the covered employees' rights to a judicial forum). *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 964 (C.D. Cal. 2014). A "clear and unmistakable" waiver must at least "identify the specific statutes the agreement purports to incorporate or include an arbitration clause that explicitly refers to statutory claims." *Wawock v. CSI Elec. Contractors, Inc.*, 649 Fed. Appx. 556, 558-59 (9th Cir. 2016).

In their Notice of Removal, Defendants do not directly cite to the CBA's grievance or arbitration provisions, and for good reason. The grievance procedure is manifestly devoid of reference to specific California statutes. It broadly provides that any grievance against the Defendants "with respect to the discipline or termination of an Employee (except as provided in Section 07.03) or the interpretation or application of this Agreement or any wage and hour claim arising during his/her current or prior employment with the Employer or Dreisbach Enterprises, Inc. under state, local or federal law (subject to applicable state, local or federal statutes of limitation), including, without limitation, claims under the California Labor Code, the California Business and Professions Code, and any other applicable federal, state, or local wage and hour law, shall be handled on an individual basis (and not on a representative or class basis in this or any other forum) exclusively as hereafter set forth." Mere reference to the California Labor Code is hardly specific.

The CBA makes nothing more than a general reference to state, local, or federal laws and to the California Labor Code, California Business Professions Code, and to wage and hour law. The broadly worded language of the CBA thus omits any specific references to the claims or statutes Plaintiff has alleged in his class and PAGA action complaints. The CBA thus provides nothing that would constitute a clear and unmistakable waiver of the statutory claims at issue here.

Moreover, even if the Court finds that Plaintiff's class and PAGA claims are somehow encompassed under the CBA's grievance and arbitration procedure, Plaintiff's claims would still not be preempted under the LMRA. "Numerous courts have held that a defendant's argument that a plaintiff waived [their] right to pursue state law claims due to a grievance and arbitration provision

10

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND

in a CBA constitutes a "defense" that does not give rise to preemption under the LMRA or create a federal question." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 965 (C.D. Cal. 2014). "[I]f an employer wishes to dispute the continued legality or viability of a pre-existing individual employment contract because an employee has taken a position covered by a collective agreement, it may raise this question in state court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 397, 107 S. Ct. 2425, 2432, 96 L. Ed. 2d 318 (1987).

Both the United States Supreme Court and the Ninth Circuit have specifically instructed that the mere existence of an arbitration clause in a collective bargaining agreement does not establish Section 301 preemption. *Livadas*, 512 U.S. at 128; *Dall*, 234 Fed.Appx. at 448-49 (citing *Lingle*, 486 U.S. at 409-410 and *Caterpillar*, 482 U.S. at 399 n. 15). Particularly, in *Dall v. Albertson's*, the defendant argued the mere existence of an arbitration clause was sufficient to show that interpretation of the agreement was necessary to resolve the plaintiff's state law claims. *Dall v. Albertson's, Inc.*, 234 F. App'x 446, 449 (9th Cir. 2007). The Ninth Circuit court rejected this argument by noting the defendant was merely raising the arbitration clause as a defense to what were obviously state law claims and in turn held that there was no preemption. *Id*. at 449. The same should follow here, as Defendants cannot establish that Plaintiff's claims are based on rights conferred by the CBA.

As the Supreme Court has cautioned: "When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399, (1987). That is precisely what Defendants are asking the Court to do in arguing that Plaintiff's state law claims require interpretation of the CBA's grievance procedure. A federal question does not appear on the face of Plaintiff's operative complaint, and Defendants are wholly relying upon the mere existence of a CBA to mount their defenses. If Congress or the California legislature wanted to create statutes establishing that any time there is a CBA in place a state case should be removed to federal court

they would have done so. It necessarily follows that an employer cannot create federal subject matter jurisdiction by simply asserting a CBA exists or must be interpreted to rule upon state law rights at issue. It also follows that the mere existence of a grievance procedure in a CBA cannot confer federal subject matter jurisdiction over state law claims filed in California Superior Court. Plaintiff's PAGA claim is already separately pending in California state court, where it should be, and his class claims must also be remanded there.

### 5. Defining Compensable Time Does Not Depend on Interpretating the CBA

In their Notice of Removal, Defendants argue that "Plaintiff's state-law claims [are] substantially dependent on the interpretation of the CBAs' grievance and mandatory individual arbitration provisions as well as its other terms, including what constitutes compensable time worked." ( Defendants' Notice of Removal, page 7). Defendants merely assert that interpretation of the CBA is required for adjudication, but fail to explain why interpretation of the CBA is necessary to discern what constitutes compensable time worked to resolve Plaintiff's Labor Code § 510 claim.

As the Supreme Court has explained, "claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921-22 (9th Cir. 2018) (quoting *Livadas*, 512 U.S. at 125). "In the context of § 301 complete preemption, the term 'interpret' is defined narrowly – it means something more than 'consider,' 'refer to,' or 'apply.'" *Huffman v. Pac. Gateway Concessions LLC*, Case No. 19-cv-01791-PJH, at 4, (N.D. Cal. Jun. 21, 2019) (quoting *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1011 (9th Cir. 2018)). Additionally, as emphasized above, "[o]ur circuit has repeatedly frowned upon defendants who have invoked tangentially related CBA provisions in a strained and transparent effort to extinguish state-law claims via preemption." *Burnside*, 491 F.3d at 1072.

By citing generally to the CBA and failing to explain why interpretation is necessary, Defendants have failed to meet their burden of proof. This honorable Court will also recall its ruling in *Gunther v. North Coast Cooperative, Inc.* where it reached the same conclusion. The Court noted that "defendant ma[de] conclusory assertions that interpretation of the CBA will be required for Plaintiff's unpaid overtime claim." *Gunther v. N. Coast Coop., Inc.,* No. 20-CV-02325-RMI, 2020 WL 3394547, at 6 (N.D. Cal. June 19, 2020). Just as the *Gunther* defendant, Defendants here are

conclusory in generally citing to the CBA without providing any explanation as to why the CBA must be interpreted to resolve Plaintiff's class and PAGA claims. For example, Defendants jump to the conclusion that the CBA must be interpreted to determine "what constitutes hours worked," but provide no facts or evidence demonstrating why interpretation is required. Plaintiff is alleging class and PAGA claims arising solely under nonnegotiable California law, and there can be no dispute as to what constitutes hours worked given that the California Labor Code and binding California case law have defined the term. Defendants have failed to meet their burden and cannot justify removal.

**4.   CONCLUSION**

For all the reasons set forth herein and in the accompanying documents, and in light of Defendants' Notice of Removal, there are no federal questions and this honorable Court lacks subject matter jurisdiction over Plaintiff's class and PAGA claims. Those state law claims are based on nonnegotiable California state law rights, and the CBA need not be interpreted to adjudicate them. If at any time during the life of this federal action it becomes evident to the Court that it lacks subject matter jurisdiction, then 28 U.S.C. § 1447(c) mandates that it "shall be remanded" to the Superior Court of California, County of Contra Costa.

Dated: February 7, 2024                                    D.LAW, INC.

By   /s/ Alvin B. Lindsay
David H. Yeremian
Alvin B. Lindsay
Attorneys for Plaintiff TIMOTHY
JOHNSON and the Putative Class

.