**D.LAW, INC.**
Emil Davtyan (SBN 299363)
Emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
Alvin B. Lindsay (SBN 220236)
a.lindsay@d.law
Melissa Rodriguez (SBN 352716)
m.rodriguez@d.law
880 E Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Fax: (818) 962-6469

Attorneys for Plaintiff TIMOTHY JOHNSON, on behalf
of himself and others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY JOHNSON, an individual, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> COOLPORT MANAGEMENT, LLC, a Delaware limited liability company; DREISBACH ENTERPRISES, INC., a California stock corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 23-CV-0619 -AGT <br><br> <u>CLASS ACTION</u> <br><br> <u>Assigned for All Purposes To:</u> <br> Magistrate Judge Alex G. Tse <br> Courtroom: A <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BREIFING REGARDING PLAINTIFF'S MOTION TO REMAND** <br><br> *Following hearing on:* <br> Date:   May 17, 2024 <br> Time:   10:00 a.m. <br> Dept.:  Courtroom A <br><br> Class Complaint filed: October 31, 2023 <br> Notice of Removal: December 13, 2023 <br> PAGA Complaint filed: January 4, 2024 <br> PAGA Complaint Removed: February 28, 2024 <br> Related Case Order Issued: May 28, 2024 <br> Trial Date: None Set |

RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFING RE: PLAINTIFF'S MOTION TO REMAND

1.  **INTRODUCTION**

At the hearing on May 17, 2024, the Court informed the parties of its tentative ruling to grant Plaintiff's Motion to Remand. The Court was inclined to hold that Defendants' collective bargaining agreement ("CBA") cannot provide a basis for federal question jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"). The Court soundly concluded that the CBA fails to specify a regular hourly rate of pay for all employees encompassed under it at a rate that is at least 30% more than the California minimum wage ("Regular Hourly Rate of Pay Requirement"). *See* California Labor Code §§ 514 and 512(e). Defendants' counsel attempted to dissuade the Court from its tentative by offering previously uncited and unpersuasive case authority purporting to suggest that LMRA preemption should still apply if some of the employees are paid more than 30% above the minimum wage. The Court's tentative ruling need not be disturbed by Defendants' last ditch effort to remain in federal court, but the Court ordered supplemental briefing to permit Defendants to present their argument. It is well-established that the Court should not go out of its way to find subject matter jurisdiction and should resolve any questions in favor of remand, and that remains especially true in this instance.

2.  **ARGUMENT**

    **A.  ND Cal. Finds § 514 Requirements Apply to All Employees Covered By the CBA**

Defendants' primary argument is there is a split in district authority between the Northern and Central Districts, as they allegedly approach the application of section 514 differently as applied to all or some of the encompassed employees. Notably, this Court in *Huffman v. Pac. Gateway Concessions LLC*, No. 19-CV-01791-PJH, 2019 WL 2563133, at *6 (N.D. Cal. June 21, 2019), answered the exact issue at hand, that is whether the CBA must satisfy § 514's requirements for all employees encompassed under the CBA as opposed to only some. Section 514 provides that: "Sections 510 and 511 do not apply to an **employee** covered by a valid [CBA] if the agreement expressly provides for the wages, hours of work, and working conditions of **the employees**, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for **those employees** of not less than 30 percent more than the state minimum wage." (emphasis added).

1

After reviewing the statutory language, the *Huffman* court first noted the use of the singular term "an employee" in Section 514 is used in addressing whether each employee is exempt from sections 510 and 511. *Huffman*, at *6 (N.D. Cal. June 21, 2019). The Court then distinguished the plural use of the "employees" because it is used in the context of the requirements which the CBA must satisfy regarding the wages, hours, and working conditions for <u>all employees</u> covered by it. *Id*. The *Huffman* court then pointed to Section 514's use of the plural term "those employees" when referring to the requirement that the CBA must provide for premium overtime rates and minimum wages exceeding no less than 30% of the state minimum wage. *Id*. Due to the legislature's plural word choice, the court inferred the requirements for "those employees" referred back to the statute's earlier use of "the employees" covered by the CBA. *Id*. at 4-6. As a result, the *Huffman* court concluded "it is apparent from the statute's plain language that a CBA must satisfy Section 514 's substantive requirements with respect to <u>*all* covered employees</u> in order to render Section 510 inapplicable to any particular employee." *Id*. (emphasis added). With this in mind, this honorable Court has correctly concluded that the section 514 requirements must be met as to all employees encompassed under the CBA, not any specific individual or "those in the same classification" as Defendants unconvincingly argue. Defendants' approach would lead only to further doubt as to what is or is not the "same classification," and would provide more confusion than closure.

Moreover, this Court in *Sarmiento v. Sealy, Inc.,* No. 18-CV-01990-JST, 2019 WL 3059932, (N.D. Cal. July 12, 2019) reached the same conclusion, finding that the CBA requirements under Section 514 concern the merits of the agreement itself, not the treatment of a singular employee. The *Sarmiento* court pointed out that the legislature made substantial language changes to the 1999 Restoration Act, which required that an "agreement provide[] premium wage rates for overtime work and a cash wage rate for *such employee* of not less than one dollar ($1.00) per hour more than the minimum wage." *Id*. at 8. (quoting Wage Order 6-80 § 3(F)). That the legislature changed from the perspective of a singular employee to adopt a plural construction applying to all employees indicates its intention for courts to look beyond whether section 514's CBA requirements are met for any singular employee. *Id*. In other words, the § 514 requirements must be met on a CBA-by-CBA basis rather than an employee-by-employee basis. *Id*.

The *Sarmiento* court also noted that the California legislature deemed it appropriate to alternatively allow unions to bargain around § 510's requirements on behalf of employees because of the wage protections employees received in the CBA process. *Id*. Thus, the court found it made "sense to determine whether section 514 applies on a CBA-by-CBA basis, rather than employee-by-employee." *Id*. at 9. If court concludes otherwise, the validity of the CBA, as well as the court's application as to whether it has subject matter jurisdiction to hear a case, would be inconsistent from employee to employee. *Id*. This outcome undermines the legislature's intention of ensuring wage protections for all employees covered by the CBA. As such, this Court should conclude that section 514's Regular Hourly Rate Requirement applies to all employees covered under a CBA, and rights and protections are conferred upon covered employees by virtue of state law, not by a CBA.

**B. Employee-By-Employee Inquiries Lead to Unpredictably Inconsistent Holdings**

The entirety of Defendants alleged authority is not precedential to the ND Cal., and is also unpersuasive. Defendants point to non-binding cases specific to their facts which hold that § 514's requirements need only apply to some employees covered by the CBA. Defendant particularly cites to *Huerta v. Doubletree Emp. LLC*, No. SACV2302433CJCADSX, 2024 WL 890548 (C.D. Cal. Mar. 1, 2024), where the court concluded it had subject matter jurisdiction even when the CBA did not satisfy § 514's Regular Hourly Rate of Pay Requirement for all covered employees. The court confusingly reasoned California's "intentions [would] be frustrated were the Court to conclude that simply because the CBA does not fulfill Section 514 's requirements as to *some* employees, neither Section 504 nor Section 301 would apply to any of the employees." *Id*. at 3.

However, as addressed above, requiring an employee-by-employee inquiry would lead to unpredictable and inconsistent holdings, and it would equally frustrate California's intentions if the claims of all employees covered under a CBA were preempted because the claims of some employees were. For instance, the *Huerta* court may have reached a different conclusion had the CBA failed to spell out an hourly rate that did not meet § 514's Regular Hourly Rate of Pay Requirement for Plaintiff. Under this approach, certain employees would argue that the asserted causes of action involve a right conferred upon an employee by virtue of state law, while other employees would be bound who is interpreting the CBA. This approach would fatally require

resource sucking inquiries for each and every covered employee, thereby rendering class-wide proceedings or any collective conclusions impossible.

A conclusion that the section 514 requirements must be satisfied as to all employees covered by a CBA if further appropriate given the class-wide and PAGA proceedings at hand. Plaintiff seeks to represent "[a]ll individuals employed by Defendants … and who have been employed as non-exempt, hourly employees based out of Defendants' facilities and offices." (See Plaintiff's Class Action Complaint, ¶ 46, p. 17). This definition includes warehouse workers, drivers, and those in similar and related positions and includes all employees under the CBA. (Complaint, ¶ 5, p. 5-6).

### C. Section 512(e)'s CBA Requirements Also Apply to All Employees Given Its Striking Similarities to Section 514

Plaintiff's meal break claim under Labor Code **§** 512, is not preempted for the same reasons articulated in *Huffman* and *Sarmiento*. Section 512(e)(2) requires that a CBA, "expressly provides for the wages, hours of work, and working conditions **of employees**, and expressly provides for meal periods **for those employees**, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate**.**" Labor Code § 512(e)(2). The language of section 512(e) is nearly identical to that of § 514, referring to the working conditions of "employees" and meal periods for "those employees." *Id*. This language is most decidedly plural and tracks with the legislature's references to employees in section 514.

Defendants confusingly respond by speculating that the legislature would have placed "for those employees" after the Regular Hourly Rate Requirement language if the legislature intended for section 512(e)'s Regular Hourly Rate Requirement to apply all employees. (Def Suppl. Brief, p. 4). Defendants cite to *Huffman* in support of their contention. (*Id*. at p. 5). However, *Huffman*'s reasoning regarding the legislature's intentional use of the plural or singular form of the term "employee" is inapplicable here, as § 512(e) does not use a plural or singular form of the term "employee" in its Regular Hourly Rate Requirement language. The absence of the terms "employees" or "for those employees" in the Regular Hourly Rate Requirement language in no way suggests the legislature intended to limit the CBA requirements to some employees.

To the contrary, it's apparent from the statute's plain language that the CBA must satisfy the requirements for all union employees covered. The former part of the statute referring to the "wages, hours of work, and working conditions of employees" uses the plural term "employees" which, as discussed above, means all employees covered by the CBA. The latter part of the statute referring to the "…premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate" does not contain a plural or singular use of the term "employee." Given that the latter section elaborates or clarifies the wages, hours of work, and working conditions requirement in the other portion of the statute, the Court should conclude the CBA must satisfy the requirements of § 512(e) for all encompassed employees.

In fact, this Court in *Gunther v. N. Coast Coop., Inc*., No. 20-CV-02325-RMI, 2020 WL 3394547, at *7 (N.D. Cal. June 19, 2020) has similarly decided the exact issue at hand. The Court concluded that a plaintiff's right to a meal period exists independently of the CBA where the CBA fails to meet the Regular Hourly Rate of Pay Requirement for all covered employees. As addressed above, deviating from this position would undermine the legislature's intention of ensuring employees are adequately protected by their representatives and would lead to unpredictable holdings. Further, the California Supreme Court emphasized that statutes governing employment like the Labor Code must be construed broadly to favor the protecting employees. *See Brinker*, at App. 1026–1027. As with section 514, the Court should conclude that a CBA must satisfy § 512(e)'s Regular Hourly Rate Requirement with respect to *all* employees covered by the CBA.

**3.   CONCLUSION**

The Court's tentative ruling that the CBA fails to satisfy all requirements under Section §§ 514 and 512(e) remains sound. The Court lacks subject matter jurisdiction and must remand.

Dated: May 31, 2024                                                              D.LAW, INC.

By   /s/ Alvin B. Lindsay
_____
Alvin B. Lindsay
Melissa Rodriguez
Attorneys for Plaintiff TIMOTHY
JOHNSON and others similarly situated